UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ELVIS LUIS G. R.,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-06937-RLP

ORDER GRANTING HABEAS PETITION

Before the Court is Petitioner Elvis Luis G. R.'s[1] ("Petitioner") petition for writ of habeas corpus. ECF No. 1. Petitioner is a citizen of Venezuala who presented for entry to the United States in August 2024. ECF No. 1 at 6; 5-1. He was granted parole and released. ECF No. 5-1 at 2. He appeared at a check-in appointment on August 17, 2026, and was detained by ICE agents. ECF No. 5-2 at 2. Petitioner asserts he has been wrongfully detained and requests immediate

[1]The Court omits Petitioner's full name to protect sensitive personal information.

release. ECF No. 1.

Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A) but acknowledge recent Ninth Circuit authority indicating "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 184 F.4th 1160, 1165 (9th Cir. 2026). ECF No. 5. Respondents concede that given Petitioner's lack of criminal history, this case is in the category of cases in which the Court has previously ordered immediate release. ECF No. 5.

**Accordingly, IT IS ORDERED:**

1. The petition for writ of habeas corpus, **ECF No. 1**, is **GRANTED.**

2. Respondent must **IMMEDIATELY RELEASE** Petitioner (A # 244657561) from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions and shall not impose any additional restrictions on him as a condition of his release. Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.

3. Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant

likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

4. The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

**IT IS SO ORDERED.** The Clerk of Court shall enter this Order, issue judgment in favor of Petitioner, and CLOSE the file.

**DATED** September 8, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE